59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Terry Andre WALKER, Petitioner-Appellant,
v.
Tana WOOD, Superintendent of the Washington State
Penitentiary, Respondent-Appellee.
 No. 94-36016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1995.
Decided June 28, 1995.
 
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Terry Andre Walker, a Washington State prisoner serving a 361-month sentence for first degree murder, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas relief. Walker raises several constitutional claims for relief based on the state trial court's admission of custodial statements made by Walker to a police officer, its limitation of his right to cross-examine and call witnesses, its failure to sanction alleged prosecutorial misconduct, and its denial of his right to a speedy trial. Because the panel has no grave doubts that Walker's claims are without merit, we affirm the district court's decision.
 
 Discussion
 
 3
 Walker argues that the custodial statements he made to Det. Striedinger were improperly admitted as substantive evidence and improperly included in the prosecutor's opening statement. The district court did not, however, rule that the statements were admissible as substantive evidence, as Walker claims, but expressly limited their admissibility to cross-examination and rebuttal. Walker conceded that the statements were admissible for these purposes.
 
 
 4
 The prosecution's reference to these statements in its opening was a harmless error. See United States v. Hasting, 461 U.S. 499, 507-08 (1983). It is generally improper to refer to inadmissable evidence, including evidence admissable for impeachment purposes, during opening statements. United States v. Taren-Palma, 997 F.2d 525, 532 (9th Cir. 1993), cert. denied, 114 S. Ct. 1648 (1994); see also United States v. Cardenas Alverado, 806 F.2d 566 (5th Cir. 1986). However, the reference to the custodial statements did not weaken Walker's self-defense claim, and Walker established no prejudice in the jury's decision. There was substantial evidence on which the conviction could have been based. The trial court's failure to give a limiting instruction regarding the purpose for which these statements were admitted was also harmless error.
 
 
 5
 Walker argues that the State's recommendation that counsel be appointed for Edward Craig, a witness subpoenaed by the defense, and its failure to offer Craig immunity after his counsel advised him to assert his Fifth Amendment privilege, constituted prosecutorial misconduct. Walker argues that because Shantai Clark was offered immunity, Craig too should have been offered immunity.
 
 
 6
 The Sixth Amendment does not provide petitioners a right to demand immunity for defense witnesses who invoke their Fifth Amendment right against self-incrimination. United States v. Brutzman, 731 F.2d 1449, 1451-52 (9th Cir. 1984). The district court found that Craig's evidence would have been cumulative, as eye-witnesses Anderson, Hardy and Moss testified regarding the shooting (the first two for the state and Moss for the defense), in addition to Walker himself. The court noted that the State had recommended counsel for Moss and Anderson as well as for Craig.[1]
 
 
 7
 Walker failed to meet the test for prosecutorial misconduct. See United States v. Westerdahl, 945 F.2d 1083, 1086 (9th Cir. 1991) ("[A] defendant must show that the evidence sought from the nonimmunized witness was relevant and that the government distorted the fact-finding process by denying immunity to the potential witness."). Walker has made no affirmative showing of relevance and has failed to demonstrate that the fact-finding process was distorted. Therefore, the district court did not err in finding that there was no prosecutorial misconduct.
 
 
 8
 Walker also alleges that the trial court deprived him of his right to compulsory process and confrontation by excluding the testimony of FBI Agent Tansa of Louisiana, Raoul Imbert (Clark's uncle), and Cecilia Moore (Clark's mother), and by excluding the report of the mental health professional ("MHP") who evaluated Clark in prison. He alleges that these decisions deprived the defense of the opportunity to test Clark's credibility.
 
 
 9
 Walker has made no affirmative showing of prejudice with regard to these alleged errors. This evidence was cumulative and peripheral to the issues in the case. Also, the trial court offered to let Walker use the transcript of the testimony of Cecilia Moore from an earlier hearing. We, therefore, affirm the district court's decision upholding the trial judge's findings.
 
 
 10
 Walker's final claim, that the district court erred in dismissing his speedy trial claim, is also meritless. He did not characterize his claim as a violation of federal due process prior to making his petition to the district court. The district court, therefore, found the claim unexhausted, but determined that it was futile to send Walker back to state court to present the claim because it would now be procedurally barred.
 
 
 11
 Under these circumstances, the claim is barred from federal habeas review, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), absent showing of cause and prejudice, or in the extraordinary case of a fundamental miscarriage of justice. Id. at 749-50. Walker makes no attempt to show cause, prejudice, or fundamental miscarriage of justice.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The concern was that Craig or one of the others might have restrained McNeal while he was shot, thereby implicating them in the murder